**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., | ) ) ) | C. A. No. 1:19-CV-5516-DLC |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AXIS LIGHTING INC., | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFFS SIGNIFY NORTH AMERICA CORPORATION AND SIGNIFY HOLDING B.V.'S ANSWERING BRIEF IN OPPOSITION TO AXIS LIGHTING INC.'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I.      Introduction ........................................................................................................ 1

II.     Nature and Stage of the Proceedings ................................................................ 1

III.    Statement of the Facts ...................................................................................... 1

IV.     This Court Should Deny Axis's Motion to Dismiss Under Rule 12(b)(5) ...................... 2

        A.      Applicable Law ...................................................................................... 2

        B.      Plaintiffs' Affidavit of Service Was Sufficient .......................................... 3

                1.      Plaintiffs' Affidavit of Service Complied with Article 10 of the
                        Hague Convention ...................................................................... 4

                2.      Plaintiffs' Affidavit of Service Complied with Federal Rule of
                        Civil Procedure 4(h) .................................................................. 7

V.      Conclusion .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*DeLuca v. AccessIT Grp., Inc.*,
  695 F. Supp. 2d 54 (S.D.N.Y. 2010)..........................................................................9

*Dimensional Commc'ns, Inc. v. OZ Optics Ltd.*,
  218 F. Supp. 2d 653 (D.N.J. 2002) ................................................................. *passim*

*Girafa.com, Inc. v. Smartdevil Inc.*,
  728 F. Supp. 2d 537 (D. Del. 2010)..........................................................................6

*Heredia v. Transp. S.A.S., Inc.*,
  101 F. Supp. 2d 158 (S.D.N.Y. 2000)....................................................................4, 5

*Icon DE Holdings LLC v. Eastside Distribs.*,
  No. 14 Civ. 2832(PAE), 2015 WL 4557278 (S.D.N.Y. July 28, 2015) ...............8-9

*LT Game Int'l Ltd. v. DEQ Sys. Corp.*,
  Civ. No. 2:13-4593 (WJM), 2013 WL 5536195 (D.N.J. Oct. 7, 2013)....................9

*O'Keefe v. St. Lawrence & Atl. R.R. Co.*,
  167 F.R.D. 30 (D. Vt. 1996) .....................................................................................5

*Parfitt Way Mgmt. Corp. v. GSM by Nomad, LLC*,
  No. 8:17-CV-0299, 2018 WL 2364287 (N.D.N.Y. May 24, 2018) ..........................5

*R. Griggs Group Ltd. v. Filanto Spa*,
  920 F. Supp. 1100 (D. Nev. 1996).......................................................................6, 7

*Taft v. Moreau*,
  177 F.R.D. 201 (D. Vt. 1997) ...............................................................................5, 6

*Tamari v. Bache & Co. (Lebanon) S.A.L.*,
  431 F. Supp. 1226 (N.D. Ill. 1977) ..........................................................................5

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988)..................................................................................................3

*Walton v. Bilinski*,
  No. 2:15 CV 36 CDP, 2015 WL 9489610 (E.D. Mo. Dec. 30, 2015) ......................8

*Waraich v. National Australia Bank Ltd.*,
  No. H-18-4069, 2019 WL 1003625 (S.D. Tex. Feb. 28, 2019)................................7

*Water Splash, Inc. v. Menon*,
  137 S. Ct. 1504 (2017) .................................................................................3

*Wyndham Hotel Group Canada, ULC v. 683079 Ontario Ltd.*,
  No. 17-4000 (JMV), 2018 WL 2078704 (D.N.J. May 4, 2018) ...............................8

**Rules**

Fed. R. Civ. P. 4 ...........................................................................................2

Fed. R. Civ. P. 4(f) ....................................................................................2, 4, 8

Fed. R. Civ. P. 4(f)(1) .................................................................................2, 8, 9

Fed. R. Civ. P. 4(f)(1)-(3) ...................................................................................9

Fed. R. Civ. P. 4(f)(2) .......................................................................................8

Fed. R. Civ. P. 4(f)(2)(a) ....................................................................................8

Fed. R. Civ. P. 4(f)(2)(b) ....................................................................................8

Fed. R. Civ. P. 4(h) ................................................................................ *passim*

Fed. R. Civ. P. 4(h)(2)....................................................................................7, 9

Fed. R. Civ. P. 4(m)..........................................................................................9

Fed. R. Civ. P. 12(b)(5)...................................................................................1, 2

Fed. R. Civ. P. 12(b)(6)......................................................................................1

**Other Authorities**

Axis Lighting, Inc., http://axislighting.com/CMS/ (last visited Aug. 28, 2019) ............................6

*Central Authority & Practical Information*, Hague Conference on Private
  International Law,
  https://www.hcch.net/en/states/authorities/details3/?aid=248 (last visited
  Aug. 28, 2019) ...........................................................................................5

Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in
  Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S.
  No. 6638..................................................................................................1

## I. Introduction

The Court should deny Defendant Axis Lighting Inc.'s ("Axis") motion to dismiss (D.I. 15) under Federal Rule of Civil Procedure 12(b)(5) because Axis was properly served under Article 10(b) of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention").[1] Plaintiffs properly served the complaint (D.I. 1) at Axis's corporate headquarters in Québec, Canada, in English, to a person who appeared to be in a position to give the complaint to an officer or director. The complaint was served by an individual duly qualified and authorized by the laws of the Province of Québec to effect service of legal process. D.I. 8. at 1.

## II. Nature and Stage of the Proceedings

On June 13, 2019, Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") filed a complaint against Defendant Axis for infringement of U.S. Patent Nos. 7,014,336; 7,255,458; 7,256,554; 7,288,902; and 7,352,138 (collectively, "the Patents-in-Suit"). D.I. 1 ¶ 1. Axis did not respond to the complaint within twenty-one days of service, and on July 26, 2019, Signify requested and the Clerk issued a Certificate of Default. D.I. 12. On August 16, 2019, Axis moved to dismiss the complaint in lieu of filing an answer, D.I. 15, and filed an opening brief in support thereof, D.I. 16.

## III. Statement of the Facts

Signify, formerly known as Philips Lighting, is a global market leader with recognized expertise in the development, manufacture, and application of light-emitting diode ("LED") lighting solutions. D.I. 1 ¶ 8. To protect its intellectual property resulting from its significant

---

[1] Axis also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* D.I. 15. Signify believes that motion is without merit, but the motion is now moot in view of Plaintiffs' amended complaint, filed concurrently with this opposition. *See* D.I. 17 (authorizing the filing of an amended complaint by September 6, 2019, in response to the motion to dismiss).

investments, Signify applied for and obtained numerous patents directed to various LED inventions and technologies, including, for example, the Patents-in-Suit. *Id.* ¶ 9.

On June 10, 2019, after years of attempting to engage Axis in licensing negotiations, Plaintiffs sent a draft complaint to Mr. Howard Yaphe, CEO of Axis, seeking a commitment that Axis will enter into substantive license discussions. Ex. A. Axis refused to engage, and Plaintiffs filed the complaint on June 13, 2019, emailing a copy to Mr. Daniel Albers, outside U.S. counsel for Axis. Ex. B. On June 24, 2019, Signify communicated to Mr. Albers and Mr. Brad Limpert, outside Canadian counsel for Axis, that service was in process, and stated that Signify would not oppose Axis seeking a reasonable extension of time to respond to the complaint. Ex. C.

On June 25, 2019, Plaintiffs served the complaint at Axis's corporate headquarters in Québec, Canada, to "Camelia Vizitiu – Department of Human Resources" by "a bailiff, being an Office of justice duly qualified and authorized by the laws of the Province of Québec to effect service of legal process in and within the limits of the said Province." D.I. 8 at 1; *see also* Ex. F (Paquette & Associés declaration). This bailiff, or "huissier," has exclusive jurisdiction in Québec for the purpose of serving judicial documents. The documents were served in English. *See* D.I. 8.

## IV.   This Court Should Deny Axis's Motion to Dismiss Under Rule 12(b)(5)

### A.   Applicable Law

Federal Rule of Civil Procedure 4 governs service of process. Under Rule 4(f), service of process upon individuals in foreign countries is governed by the methods set forth by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention. Fed. R. Civ. P. 4(f)(1); *see also* Fed. R. Civ. P. 4(h)(2).

The United States and Canada are parties to the Hague Convention. The Hague Convention is an international treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to

2

facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

Article 10 of the Hague Convention provides, in part:

> Provided the State of destination does not object, the present Convention shall not interfere with -
>
> . . .
>
> b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination . . . .

*Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017) (quoting Hague Convention, art. 10, 20 U.S.T. at 363). Canada has not objected to Article 10(b)'s service provision. *Dimensional Commc'ns, Inc. v. OZ Optics Ltd.*, 218 F. Supp. 2d 653, 656 (D.N.J. 2002). And Canada has "affirmatively stated that it does not object to the methods of service set forth in Article 10(b)." *Id.* (citations omitted).

Courts look to the internal service rules of the destination State to determine whether that State would object to the particular method of service utilized under Article 10. *Id.* Under Rule 125 of the Code of Civil Procedure of Québec, "[n]otification to a legal person is made at its head office . . . by leaving the document in the care of a person who appears to be in a position to give it to an officer or director or an agent of the legal person." Ex. D (Québec Code of Civ. P. C-25.01 § 125); *see also id.* (§ 116). And under Rule 7(4) of Québec's Charter of the French Language, English is acceptable in judicial pleadings: "either French or English may be used by any person in, or in any pleading in or process issuing from, any court of Quebec." Ex. E.

### B.    Plaintiffs' Affidavit of Service Was Sufficient

On June 25, 2019, Plaintiffs properly served the complaint at Axis's corporate headquarters in Québec, Canada, to "Camelia Vizitiu – Department of Human Resources" by "a bailiff, being

an Office of justice duly qualified and authorized by the laws of the Province of Québec to effect service of legal process in and within the limits of the said Province." D.I. 8. at 1. The documents were served in English. *See* D.I. 8. This was sufficient to comply with Article 10(b) of the Hague Convention and further comply with Federal Rule of Civil Procedure 4(f) and (h).

### 1.    Plaintiffs' Affidavit of Service Complied with Article 10 of the Hague Convention

Axis argues that Plaintiffs failed to comply with Article 5 of the Hague Convention, dismissing without explanation Plaintiffs' compliance with Article 10. D.I. 16 at 3-4. But the Hague Convention permits alternate channels of service, including alternatives to the use of the Central Authority procedures detailed in Articles 2 through 7, so long as they are not objected to by the receiving State. *See Heredia v. Transp. S.A.S., Inc.*, 101 F. Supp. 2d 158, 161 (S.D.N.Y. 2000) (discussing Article 10(a) and noting that "service of process by registered mail is one of several methods of service permitted by the Hague Convention"); *Dimensional Commc'ns*, 218 F. Supp. 2d at 656 (noting various alternatives under the Hague Convention: "[f]or example, service may be effected through diplomatic or consular agents of the sending State (Art. 8); through consular channels to authorities within a contracting State who are authorized by that State to effect service (Art. 9); through the judicial officers, officials, or other competent person of the State of destination (Art. 10); pursuant to any other agreement between the States involved (Art. 11); or pursuant to the internal law of the receiving State for documents coming from abroad (Art. 19)"). Axis fails to explain why Plaintiffs failed to comply with Article 10(b).[2]

Axis does not allege that service through a bailiff or "huissier" was improper under Article 10(b). Indeed, Québec law gives exclusive jurisdiction to huissiers to serve complaints in

---

[2] Plaintiffs informed Axis that the complaint was served under Article 10(b) prior to the filing of Axis's motion to dismiss. Ex. C.

Québec. *See O'Keefe v. St. Lawrence & Atl. R.R. Co.*, 167 F.R.D. 30, 32 (D. Vt. 1996) ("The normal procedure in Canada is for personal service to be done by a sheriff or a 'huissier' in Quebec."); *Canada - Central Authority & Practical Information*, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=248 (last visited Aug. 28, 2019) ("In the province of Québec, service must be effected by a sheriff or a member of the *Chambre des huissiers de justice du Québec*."); Ex. F (Paquette & Associés declaration). As other courts have explained, "Canada's accession to the Hague Convention expressly refers to service under Article 10(b) by 'huissiers' or, as the term is defined, process servers." *Dimensional Commc'ns*, 218 F. Supp. 2d at 659. And other courts have likewise found personal service by a process server under Article 10(b) to be valid in other States. *See, e.g.*, *id.*; *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 431 F. Supp. 1226, 1228-29 (N.D. Ill. 1977).

Axis contends that Québec "requires that the documents be translated into French." D.I. 16 at 4. Axis, however, cannot point to any authority requiring such a translation, because there is none. Indeed, courts in this district and others have observed that "it is well-settled that the translation requirement is triggered only when it is the Central Authority that serves the document, an alternative method of service that is set forth in Article 5 of the Convention." *Heredia*, 101 F. Supp. 2d at 161. "There is no similar provision for translation requirements under the alternative methods of service provided for in Articles 8 through 11." *Taft v. Moreau*, 177 F.R.D. 201, 204 (D. Vt. 1997); *see also Heredia*, 101 F. Supp. 2d at 161-62 ("Canada does require translation of documents into French for recipients of service under Article 5. There is, however, no similar requirement by Canada or by the Convention for translation when service is effected by direct mail under Article 10." (citation omitted)); *Parfitt Way Mgmt. Corp. v. GSM by Nomad, LLC*, No. 8:17-CV-0299 (GTS/CFH), 2018 WL 2364287, at *6 n.7 (N.D.N.Y. May 24, 2018); *Girafa.com, Inc.*

*v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 543 (D. Del. 2010). And likewise, under Rule 7(4) of Québec's Charter of the French Language, English is acceptable in judicial pleadings: "either French or English may be used by any person in, or in any pleading in or process issuing from, any court of Quebec." Ex. E; *see also* Ex. F (Paquette & Associés declaration).

Moreover, Axis does not contend that any relevant party, including Ms. Vizitiu, cannot understand English. *See Taft*, 177 F.R.D. at 204 ("Although in some instances a failure to provide a translation of the document in a language the recipient could understand might be constitutionally unreasonable, in the case at bar, neither [defendant] has claimed lack of notice or an inability to understand the language of the complaint."). Indeed, Axis operates its business in English, the declarations of Axis's witnesses, Ms. Vizitiu and Mr. Yaphe, are in English, and Axis's U.S. and Canadian counsel both speak and operate their practices in English. Axis Lighting, Inc., http://axislighting.com/CMS/ (last visited Aug. 28, 2019); D.I. 15-1; D.I. 15-2; Exs. B, C.

Axis also argues that Plaintiffs' service fails because Ms. Vizitiu "was not a registered agent or officer of Axis." D.I. 16 at 3 (citations omitted). But "registered agent or officer" is not the standard because, under Rule 125 of the Code of Civil Procedure of Québec, "[n]otification to a legal person is made at its head office . . . by leaving the document in the care of a person *who appears to be in a position to give it to an officer or director* or an agent of the legal person." Ex. D (Québec Code of Civ. P. C-25.01 § 125) (emphasis added). Ms. Vizitiu, in her English declaration, does not claim that she was not in the position to give the complaint to an officer or director. D.I. 15-1. Moreover, as the Affidavit of Service shows, Ms. Vizitiu was "a person appearing in care and in control and/or management." D.I. 8 at 1; Ex. F (Paquette & Associés declaration).

Axis cites *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100 (D. Nev. 1996), arguing that an affidavit similar to one filed by Plaintiffs has been previously rejected. D.I. 16 at 2-3. In

*R. Griggs*, however, the plaintiff attempted to serve an individual at a Las Vegas trade show, and the court found service to be ineffective because the individual was "not an officer, director, employee, managing agent, or general agent of [defendant] nor is he an agent authorized by appointment or by law to receive service of process on behalf of [defendant]." *R. Griggs*, 920 F. Supp. at 1102-03. Here, Axis does not dispute that Ms. Vizitiu is an Axis employee and that she was served at Axis headquarters. *R. Griggs* thus fails to support Axis's argument.

Axis also cites *Waraich v. National Australia Bank Ltd.*, No. H-18-4069, 2019 WL 1003625 (S.D. Tex. Feb. 28, 2019), but this case is likewise inapplicable. D.I. 16 at 3. In *Waraich*, the plaintiff attempted to serve the defendant by mailing the summons and complaint to an address in Australia. *Waraich*, 2019 WL 1003625, at *3. Axis fails to explain how this case, which focused on the Hague Convention and its application in Australia, has any bearing on who may be properly served in person at a corporate headquarters in Québec, Canada.

Plaintiffs complied with Article 10(b), and rather than allege any deficiency in service under Article 10(b), Axis focuses entirely on Article 5. Article 5 does not apply, and Plaintiffs' service was properly carried out under Article 10(b) of the Hague Convention.

## 2. Plaintiffs' Affidavit of Service Complied with Federal Rule of Civil Procedure 4(h)

Plaintiffs' service also complied with Federal Rule of Civil Procedure 4(h). Under Rule 4(h)(2), "a domestic or foreign corporation . . . must be served: . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). And under Rule 4(f)(1), "an individual . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as

those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Plaintiffs complied with Rule 4(f) and (h) by properly serving Axis under Article 10(b) of the Hague Convention.

According to Axis, Plaintiffs must show that Canada does not object to the manner of service here. D.I. 16 at 5. As discussed above, Plaintiffs' service complied with Article 10(b). And Canada has "affirmatively stated that it does not object to the methods of service set forth in Article 10(b)." *Dimensional Commc'ns*, 218 F. Supp. 2d at 656 (citations omitted); *Walton v. Bilinski*, No. 2:15 CV 36 CDP, 2015 WL 9489610, at *2 (E.D. Mo. Dec. 30, 2015).

Axis analogizes this case to *Wyndham Hotel Group Canada, ULC v. 683079 Ontario Ltd.*, No. 17-4000 (JMV), 2018 WL 2078704 (D.N.J. May 4, 2018), contending that Plaintiffs failed to comply with Rule 4(f)(1), (f)(2)(a), and (f)(2)(b). D.I. 16 at 5. But in *Wyndham*, the court found a failure to comply with Rule 4(f)(1) because the Hague Convention "[did] not affirmatively authorize service by mail." 2018 WL 2078704, at *5. Service by mail is not at issue in this case. Axis also alleges a failure to comply with requirements under Rule 4(f)(2)(a) and (b), but Rule 4(f)(2) is not at issue because service complied with "internationally agreed means of service that is reasonably calculated to give notice, *such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents*." Fed. R. Civ. P. 4(f)(1) (emphasis added). The court in *Wyndham* only reached Rule 4(f)(2) because it found a lack of compliance with Rule 4(f)(1). *Wyndham*, 2018 WL 2078704, at *5; *see also Icon DE Holdings LLC v. Eastside Distribs.*, No. 14 Civ. 2832(PAE), 2015 WL 4557278, at *2 (S.D.N.Y. July 28, 2015) (discussing Federal Rule of Civil Procedure 4(f)(1)-(3), and explaining that plaintiff "needed to comply with Rule 4(f)(1), which requires compliance with the Hague Convention").

Plaintiffs complied with Rule 4(f)(1) and (h)(2) by properly serving Axis under Article 10(b) of the Hague Convention. *See Dimensional Commc'ns*, 218 F. Supp. 2d at 659. As a result, this Court should deny Axis's motion to dismiss.

## V.     Conclusion

For at least these reasons, the Court should deny Axis's motion to dismiss. If, however, the Court finds deficiencies in service, dismissal is not the appropriate remedy. Instead, this Court should grant Plaintiffs leave to effect proper service. *See DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66-67 (S.D.N.Y. 2010); *LT Game Int'l Ltd. v. DEQ Sys. Corp.*, Civ. No. 2:13-4593 (WJM), 2013 WL 5536195, at *1 (D.N.J. Oct. 7, 2013); Fed. R. Civ. P. 4(m).

Dated: September 6, 2019                    Respectfully submitted,

                                           *s/ Naresh Kilaru*
                                           Naresh Kilaru (NK3496)
                                           C. Brandon Rash (*pro hac vice* forthcoming)
                                           FINNEGAN, HENDERSON, FARABOW,
                                             GARRETT & DUNNER, LLP
                                           901 New York Avenue, NW
                                           Washington, DC 20001
                                           Telephone: (202) 408-4000
                                           Facsimile: (202) 408-4400

                                           ***COUNSEL FOR PLAINTIFFS***
                                           ***Signify North America Corporation and***
                                           ***Signify Holding B.V.***

## CERTIFICATE OF SERVICE

The undersigned hereby states that the above was served on all parties of record, via this Court's ECF filing system on September 6, 2019.

*s/ Naresh Kilaru*
Naresh Kilaru (NK3496)
Finnegan, Henderson, Farabow,
        Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400