IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., <br><br> Plaintiffs, <br><br> v. <br><br> AXIS LIGHTING INC., <br><br> Defendants. | C.A. No. 1:19-CV-5516 |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Axis Lighting Inc. ("Axis") replies in support of its motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

**I.  Québec Law Requires Translation of All Foreign Service Documents that Commence an Action.**

Signify misses the point. It has not complied with Federal Rule of Civil Procedure 4(h) for serving a foreign corporation because Québec law requires foreign service that commences an action to be translated into French. That law does not distinguish between Articles 5 and 10 of the Hague Convention; that is, the requirement for translation applies to any service whether through the Central Authority or not. *See* Document 15-3; and *see Icon DE Holdings LLC v. Eastside Distributors*, 2015 U.S. Dist. LEXIS 98459 (S.D. N.Y. July 28, 2015) at 6 ("… Québec requires the <u>translation of all documents which commence actions</u>") (emphasis original); *Id. Darko, Inc. v. MegaBloks, Inc.*, 2006 U.S. Dist. LEXIS 74542 (N.D. Ohio October 13, 2006) at 6; and *Tabb v. Journey Freight Internations*, 584 F.Supp. 2d 334 (D. Mass. 2008) at 340 (failure to translate complaint into French, the official language of Québec "amount[s] to a violation of the Hague Convention and support[s] allowance of [Defendant's] motion to dismiss.").

1

Further, Section 5 of the Hague Convention requires translation by the Central Authority, or its agent, again without restriction. 20 U.S.T. 361. Signify, by its own declaration, Doc. 21-6, ¶ 2 states that bailiffs "have the exclusive jurisdiction to serve legal documents" and thus, by definition, are agents of the Central Authority. The Complaint had to be translated into French and was not. Thus, service cannot be proper under Rule 4(h) under any subsection.

Axis recognizes certain cases from other district courts have found Section 10 of the Hague Convention permits service without translation where service is not made through the Central Authority. *See* Doc. 21-5-6. Axis respectfully submits these cases read out Section 5 of the Hague Convention and, more importantly, are directly contradicted by the Canon of Ministry of Justice's own statement at D.I. 15-3 that is not limited to service by the Central Authority.

Further, the cases cited by Signify are distinguishable on their facts. They dealt with mail service, a specific method of service permitted under Section 10(a), not, as here, service by a government official (a "hussier") under Section 10(b). S*ee Heredia,* 101 F.Supp. 2d 161 (dealing with mail service) (it is also worth noting that *Heredia* relies on *Ackermann v. Levine*, 788 F.2d 830 (2nd Cir. 1986) but that case was implicitly overruled in *Watersplash Inc.*); *Taft v. Moreau,* 177 F.R.D. 201 (D.Vt. 1997) (interpreting mail service under Section 10(a) of the Hague Convention); *Parfitt Way Management Corp.*, 2018 U.S. Dist. LEXIS 87190 at 20 (N.D.N.Y. May 24, 2018) (dealing with personal service not service made by a bailiff); and *Giraffa,* 728 F.Supp. 2d 533 (also dealing with service by mail under Section 10(a).).

In any event Section 10(b) of the Hague Convention merely service by a government official or agent. It does not affirmatively authorize any particular method of service. *See Watersplash Inc. v. Menon,* 137 S.Ct. 1504, 1513 (2017) (Section 10(a) does not affirmatively authorize service by mail; under Hague Convention, service is permissible if receiving state has

not objected to it and the method of service is authorized under otherwise applicable law.). The only authorized method of foreign service to *commence* an action under Québec law is to translate the Complaint into French. Signify makes no showing otherwise. It cannot use Section 10(b) to bootstrap such a basis.

Plaintiffs' discussion of Québec law at Doc. 21-5 fails to address Axis' citation to Doc. 15-3 and the Central Authority's statement, without exception, that foreign service that commences an action must be translated into French. Instead, it tenders a declaration from a hussier, Doc. 21-6, that provides no foundation that the declarent has any legal training or can describe or opine on relevant Québec law, and merely states in ¶ 6, without explanation, the conclusion that the affidavit of service here is consistent with how they regularly carry out service. Importantly, he states at para. 5 that in carrying out service under Article 10(b), the document can be "in French or English, which are both considered official languages in Québec courts." But he fails to tell the Court, as provided in Doc. 21-5 at Section 7, that either French or English may be used only in "any pleading in or process issuing from any court of Québec." The process here issued from this Court in the United States. As to that pleading, the French Charter of Québec states unequivocally that "French is the official language of Québec" and "every person has a right to have the civil administrator … communicate with him in French." *Id.* Section 2.

Plaintiff's citation to *Dimensional Communications*, 218 F.Supp. 3d at 656 (at Doc. 21-8) is also unavailing. Canada has not objected to service by a judicial agent under Section 10(b) but Section 10(b) does not identify any particular **method of service**. In that case, the court went on to note that "courts have also looked to the internal service rules of the destination state to determine whether the state would object to the particular method of service utilized under Article

3

10." *Id.* at 656. It then analyzed Ontario law on personal service. Here, Québec requires any foreign service of papers commencing an action to be in French.

Plaintiffs' other citation at Doc. 21-8 is to *Walton v. Bilinski*, 215 U.S. Dist. LEXIS 173102, but that case dealt with personal service under Alberta law, not foreign service on a Québec corporation.

## II. Signify's Other Arguments Fail and It Violated Québec Law on Service of Process In Any Event.

### A. Signify Has Not Shown that the Recipient of Service Was Qualified To Accept Service.

Signify's other attempts to justify its violation of Québec law also fail. It argues (Doc. 21-1) that service was properly made because it was made at Axis' corporate headquarters in Québec, to a person who appeared to be "in a position to give the complaint to an officer or director," citing D.I.8 at 1. But the affidavit of service does not say that. It says at paragraph 3, that Ms.Vizitiu was a "person appearing in care and control and/or management and authorized to accept service of legal process" for Axis. He provided no factual basis for that conclusion. As the court concluded in *R. Griggs Group*, 920 F.Supp. 1100 at 1102, no facts have been presented to support this assumption [that the recipient was an authorized legal representative or employee] and this assessment has no bearing on the court's determination." The same is true here. Particularly because these conclusions have been rebutted by the declarations of Ms. Vizitiu and Mr. Yaphe (Doc. 15-1 and 15-2). Those show that Ms. Vizitiu had no authority to receive service.

### B. French Translation Is Material To Providing Notice In These Circumstances.

Signify argues that service of the documents in English was adequate because Signify executives understand English. That assertion is not supported. Mr. Yaphe states in his Second Declaration, Ex. 1, ¶¶ 3-4, that he conducts business in the United States in English, but internally

they communicate in French, again as required in Québec. Mr. Yaphe expects and demands that foreign process documents be served on him in French, upon a person with authority to accept such service, in accordance with Québec law. *Id.* Para. 6. That Mr. Yaphe, Ms. Vizitiu or Axis' counsel speak English or received "actual" notice of this suit (as asserted and argued by Signify, *e.g.* Doc. 21-6), is irrelevant to whether proper service was made and Signify and its counsel must know that. *E.g.*, *National Dub Company v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991)

Signify appears to rely on Québec laws for service of documents in Québec. That law, on its face, does not apply to service in foreign proceedings, but rather to Québec proceedings. Again, Québec's more specific law applies that foreign proceedings must be commenced by service of a complaint translated into French. Doc. 15-3.

Signify attempts to bootstrap general Québec law as to service of domestic pleadings into international law as to service foreign proceedings. Doc. 21-3. It cites its Ex. E, Rule 7 (4) claiming it provides "either French or English may be used by any person in, in any way <u>pleading in or processed issuing from any court of Québec</u>." (Emphasis added). This Court is not a court in Québec nor did the process in question issue from the court in Québec.

Moreover, a closer look at the very law Signify cites shows its position is wrong. The Québec Charter of the French language at Doc. 21-5 provides in Section 1 that "French is the official language of Québec." Section 2 provides that "every person has a right to have the civil administration … communicate with him in French." Axis is a French company that operates its business in Québec in French as Québec law requires. Ex. 1, ¶¶ 3-4. As Signify attempted to serve Axis by an agent of the civil administration of Québec, a hussier, with exclusive jurisdiction to make such service, the Charter required him to communicate (translate) that service into French. This is confirmed in Section 16 that requires "the civil administration shall use the official

5

language [French] in its written communication … with legal persons [Axis] established in Québec."

## CONCLUSION

Signify has not strictly complied with Québec's rules for service on a Québec company. It has not met its burden to show the propriety of service.

Québec requires translation to French of any foreign service commencing an action. It was not done. The service violates the Hague Convention.

Further, even if such translation were not required (and it is), the affidavit of service provides unsupported conclusions that Ms. Vizitiu was an officer or agent with authority to accept service. The Declarations of Ms. Vizitiu and Mr. Yaphe show she was not. The service also violates internal Québec law on service.

The motion to dismiss should be granted.

September 20, 2019

*s/ Paul Olszowka*

Paul Olszowka
Paul.Olszowka@btlaw.com
BARNES & THORNBURG LLP
90 State Street, Suite 700
Albany, New York  12207

One North Wacker Drive, 44th Floor
Chicago, Illinois  60606
(312) 214-5612 - Phone
(312) 759-5646 - Fax

*s/ Daniel P. Albers*

Daniel P. Albers
dalbers@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive, 44th Floor
Chicago, Illinois  60606
(312) 214-8311 - Phone

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., <br><br> Plaintiffs, <br> v. <br><br> AXIS LIGHTING INC., <br><br> Defendants. | C.A. No. 1:19-CV-5516 <br><br> JURY TRIAL DEMANDED |

### SECOND DECLARATION OF HOWARD YAPHE

I, Howard Yaphe, further declare as follows:

1. I have read Signify's response to Axis' motion to dismiss for improper service.

2. The official name of the company is "Eclairage Axis Inc." and we are a Québec French Company audited regularly by the Ministry de la Langue Francais.

3. For United States business we communicate in English, but internally we communicate in French as required in Québec.

4. We have a full French website and all our catalogs and spec sheets are in French as required to do business in Québec.

5. I find Signify's position disingenuous as I worked on behalf of Philips to help it obtain approval to operate in Québec as an approved French Québec company.

6. We have the right to and do demand that foreign documents served on us in Québec be properly served in French on a managing agent with authority to accept service. Neither was done here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATE: SEPT. 17, 2019

_____
Howard Yaphe, CEO Of Axis

15109397v1

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

The undersigned hereby states that the above was served on all parties of record, via this Court's ECF filing system on September 20, 2019.

*/s/ Daniel P. Albers*

7

15116889v1