```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
SIGNIFY NORTH AMERICA CORPORATION and     :    19cv5516 (DLC)
SIGNIFY HOLDING B.V.,                     :
                                          :    OPINION AND ORDER
                      Plaintiffs,         :
                                          :
              -v-                         :
                                          :
AXIS LIGHTING INC.,                       :
                      Defendant.          :
                                          :
-----------------------------------------X
```

APPEARANCES:

For plaintiffS:
Charles Brandon Rash
Naresh Kilaru
Charles Brandon Rash
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue NW
Washington, DC 20001
(202) 408-4475

For defendant:
Daniel P. Albers
Paul T. Olszowka
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606-2833
(312) 357-1313

DENISE COTE, District Judge:

On August 16, 2019, Axis Lighting Inc. ("Axis") moved to dismiss this patent infringement action pursuant to Rules 12(b)(5) and 12(b)(6), Fed. R. Civ. P.  Axis's motion is denied.

**BACKGROUND**

On June 13, 2019, Signify North America Corporation and Signify Holding B.V. (together, "Signify") commenced this action against Axis.  On July 3, Signify filed an Affidavit of Service, indicating that on June 25, Axis was served with the case initiation documents through personal delivery, by a bailiff of justice, to "Carmen Vizitiu - Department Human Resources" at Axis's corporate headquarters in Québec, Canada.  According to the bailiff's affidavit, Vitiziu "appear[ed] in care and in control and/or management and authorized to accept service of legal process on behalf of [Axis]."  On July 26, a clerk's certificate of default was issued against Axis.

On August 15, counsel entered a Notice of Appearance on behalf of Axis.  The next day, on August 16, Axis moved to dismiss the complaint pursuant to Rules 12(b)(5) and 12(b)(6), Fed. R. Civ. P., on the grounds that the June 25 service attempt was improper and the complaint fails to plead facts sufficient to state a plausible claim for relief.  On September 6, Signify filed an amended complaint, mooting Axis's motion to dismiss pursuant to Rule 12(b)(6).  On September 6, Signify also opposed Axis's August 16 motion to dismiss for improper service.  The Rule 12(b)(5) motion became fully submitted on September 20.

**DISCUSSION**

Axis argues that this action should be dismissed because Signify failed to effect proper service.  It is incorrect.  Pursuant to Rule 4(h), a foreign corporation that is not within any judicial district of the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f)(1) provides that service upon an individual defendant located in a foreign country shall be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  Since Canada and the United States are both signatories to the Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, service of process on a defendant in Canada is governed by the Hague Convention.

The Hague Convention provides for several alternate methods of service, including "service pursuant to the internal laws of the state" under Article 10.  Burda Media, Inc. v. Viertel, 417 F.3d 292, 300 (2d Cir. 2005); see also Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1508 (2017) ("Articles 10(b) and 10(c), by their plain terms, address . . . methods of service that are permitted by the Convention . . . .").  Service pursuant to Article 10 is appropriate, "unless the receiving state objects."

3

Water Splash, 137 S. Ct. at 1508.  Canada does not object to service pursuant to Article 10(b) of the Hague Convention.[1]  Article 10(b) of the Hague Convention reads:

> Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

20 U.S.T., at 363.

"In the province of Québec, service must be effected by a sheriff or a member of the Chambre des huissiers de justice du Québec.  Notification may also be made in Québec by delivering the document to the person to be notified, against acknowledgement of receipt."[2]  Pursuant to Article 125 of the Code of Civil Procedure of Québec,

> Notification to a legal person is made at its head office or, if the head office is outside Québec, at one of its establishments in Québec, by leaving the document in the care of a person who appears to be in a position to give it to an officer or director or an agent of the legal person.  It may also be made by delivering the document personally to such an officer, director or agent, wherever that person may be.

---

[1] See Hague Conference/Conference de la Haye, Canada -- Central Authority & Practical Information (July 22, 2019), https://www.hcch.net/en/states/authorities/details3/?aid=248.

[2] Hague Conference/Conference de la Haye, https://www.hcch.net/en/states/authorities/details3/?aid=248.

Code Civil P. of Québec, S.Q. 2014, c 1, art. 125 (Can.).[3]

Signify properly served process of the summons and complaint upon Axis pursuant to Article 10(b) of the Hague Convention.  A bailiff[4] served Signify's summons and complaint upon a human resources employee at Axis's corporate headquarters in Québec.  According to the bailiff's affidavit, the employee "appear[ed] in care and in control and/or management and authorized to accept service of legal process on behalf of [Axis]."  Service was thus proper "pursuant to the internal rules of the state," as is permitted by Article 10 of the Hague Convention.  Water Splash, 137 S. Ct. at 1508.

Axis's arguments to the contrary are not persuasive.  First, Axis argues that a party may only serve process pursuant to Article 5 of the Hague Convention.  Axis is wrong.  "Article 10(b) . . . by [its] plain terms, address[es] . . . methods of service that are permitted by the Convention."  Id.

---

[3] Article 110 of the Code of Civil Procedure of Quebéc explains that "service" is notification that is legally required to be made by a bailiff.  Code Civil P. of Québec, S.Q. 2014, c 1, art. 110 (Can.) ("If the law so requires, notification is made by a court bailiff, in which case it is called service.").

[4] See Court Bailiffs Act of Québec, S.Q. 1995, c. 41, s.2 (Can.) ("All the persons qualified to practice the profession of bailiff in Québec constitute a professional order called "Ordre professionnel des huissiers de justice du Québec" or "Chambre des huissiers de justice du Québec.").

Axis next argues that even if service of process by a bailiff is proper under Article 10(b), Signify failed to properly serve process under Québec law because Vizitiu and Howard Yaphe, CEO of Axis, filed declarations "show[ing] that Ms. Vitiziu had no authority to receive service." But, the bailiff attested to the fact that he served Vitiziu who appeared "in care and in control and/or management." This is sufficient to effect service under Article 125 of the Code of Civil Procedure of Québec.

Axis also argues that Signify's service was improper because the documents were not translated from English into French. This argument fails, too. Translation may be required if process is served under Article 5 of the Hague Convention. 20 U.S.T. 361, Art. 5 ("If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed."). Article 10(b) contains no parallel translation requirement.

Finally, Axis argues that the law of Québec requires that the documents be translated into French because French is the official language of Québec. See Charter of the French Language, S.Q. 1977, c 5, s 1. But, the Charter of the French Language provides that "either French or English may be used by

6

any person in, or in any pleading in or process issuing from, any court of Québec." Id. s 7. While it is true that this provision, by its terms, applies to proceedings in Québec courts, Axis provides no authority to suggest that this internal rule should not permit English-language documents to be served upon those receiving process in Québec. Additionally, district courts within this Circuit have held that documents served in Québec under Article 10 need not be translated into French. See Heredia v. Transport S.A.S., Inc., 101 F. Supp. 2d 158, 161-62 (S.D.N.Y. 2000).

## CONCLUSION

Axis's August 16, 2019 motion to dismiss is denied.

Dated:  New York, New York
        October 8, 2019

                                    _____
                                              DENISE COTE
                                    United States District Judge