```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
 SIGNIFY NORTH AMERICA CORPORATION and    :
 SIGNIFY HOLDING B.V.,                    :
                                         :              19cv5516 (DLC)
                              Plaintiffs, :
                                         :              OPINION AND ORDER
                 -v-                      :
                                         :
 AXIS LIGHTING INC.,                      :
                                         :
                              Defendant.  :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiffs:
Michael P. Kahn
Akin Gump Strauss Hauer & Feld LLP
One Bryan Park
New York, NY 10036
(212) 872-1000

C. Brandon Rash
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4380

For the defendant:
Paul T. Olszowka
Daniel P. Albers
Barnes & Thornburg LLP
One North Wacker Drive
Chicago, IL 60606
(312) 214-5612

DENISE COTE, District Judge:

On October 21, 2019, defendant Axis Lighting Inc. ("Axis") moved to dismiss this patent infringement action on the ground

that the amended complaint fails to plead facts sufficient to state a plausible claim of infringement. For the reasons that follow, Axis's motion to dismiss is granted in part.

**Background**

The following facts are taken from the amended complaint. On June 13, 2019, plaintiffs Signify North America Corporation and Signify Holding B.V. (together, "Signify") brought suit against Axis alleging that Axis has committed direct patent infringement and willful patent infringement in the sale and offering of certain, specified light-emitting diode ("LED") lighting devices.

Signify alleges that these products infringe seven patents held by Signify. Each of the asserted patents is attached to Signify's amended complaint. Signify also identifies at least one claim in each patent that it alleges is infringed by Axis's LED lighting devices. And, for each claim, Signify identifies at least one Axis product and alleges that the accused product meets the elements of that claim. Signify also alleges that, for each instance of patent infringement, Axis "was aware of and had notice of" the alleged infringement because Signify notified Axis that it believed Signify's patents were being infringed by Axis's products prior to the filing of this lawsuit.

This action was filed on June 13, 2019. On August 16, Axis moved to dismiss the complaint for improper service pursuant to

2

Rule 12(b)(5), Fed. R. Civ. P., and for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. An Order of August 20 allowed Signify to file any amended complaint by September 6 and alerted Signify that it would likely not have another opportunity to amend. On September 6, Signify filed the amended complaint, mooting Axis's motion to dismiss for failure to state a claim. Signify also opposed Axis's motion to dismiss for improper service. An Opinion and Order of October 8 denied Axis's motion to dismiss for improper service. On October 21, Axis renewed its motion to dismiss for failure to state a claim. This motion became fully submitted on December 6.

## Discussion

Axis argues that Signify has failed to state a claim pursuant to Rule 8, Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Geffner v. Coca-Cola Co., 928 F.3d 198, 199 (2d Cir. 2019) (citation omitted). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the ground upon which it rests." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019) (citation omitted). The

> plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible.

Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citation omitted).

When a party moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P., a court must "constru[e] the complaint liberally, accept[ ] all factual allegations as true, and draw[ ] all reasonable inferences in the plaintiff's favor." Coal. for Competitive Elec., Dynergy Inc. v. Zibelman, 906 F.3d 41, 48-49 (2d Cir. 2018) (citation omitted). "A complaint is . . . deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation omitted).

I. Direct Patent Infringement

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the

United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). A plaintiff "need not prove its case at the pleading stage." Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citation omitted). The complaint must only place the potential infringer "on notice of what activity is being accused of infringement," as "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." Id. (citation omitted).

In Disc Disease Solutions Inc. v. VGH Solutions, Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018), the Federal Circuit addressed pleading requirements in patent infringement actions.[1] It explained that a complaint survives a motion to dismiss if it attaches the asserted patents to the complaint, specifically identifies the accused products and attaches photographs of them to the complaint, and alleges that "the accused products meet each and every element of at least one claim" of the asserted

---

[1] In Disc Disease, the Federal Circuit noted that the patents at issue concerned "simple technology." 888 F.3d at 1260. Some district courts that have applied Disc Disease have concluded that its holding is limited to patents that concern simple technology. See, e.g., Gamevice, Inc. v. Nintendo Co., No. 18-CV-01942 (RS), 2018 WL 5310792, at *3 (N.D. Cal. Aug. 6, 2018) (collecting cases); see also Super Interconnect Techs. LLC v. Sony Corp., No. 18cv1731 (CFC), 2019 WL 4722677, at *2 (D. Del. Sept. 26, 2019) (applying Disc Disease despite doubts that the case involved "simple technology" because defendant failed to mention Disc Disease in its motion to dismiss briefing).

5

patents.  Id. (citation omitted).  "These disclosures and allegations," the Federal Circuit reasoned, "are enough to provide [the defendant] fair notice of infringement of the asserted patents."  Id.

Signify has satisfied the pleading standards under the Federal Rules.  Each count in the amended complaint alleges infringement of a different asserted patent.  Each count states that the accused products infringe at least one claim, which is identified, of the patents, and briefly explains the basis for that belief.  Attached to the amended complaint are each of these patents.  Although photographs of the accused products are not attached to the amended complaint, the products are sufficiently identified to give Axis notice of Signify's claims of patent infringement.

## II. Willful Infringement

Under Section 284 of the Patent Act, a court may increase an award of damages in a patent infringement case by up to three times.  35 U.S.C. § 284.  "[T]he sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or -- indeed -- characteristic of a pirate."  SRI Int'l, Inc. v. Cisco Sys., Inc., 930 F.3d 1295, 1308 (Fed. Cir. 2019) (citing Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1932 (2016)).  "[C]ulpability is generally measured

6

against the knowledge of the actor at the time of the challenged conduct." Id. at 1309 (citation omitted). To that end, the Federal Circuit has found that a plaintiff's pre-suit notice letter, on its own, does not support a finding of willful patent infringement. Id.

Signify has failed to adequately plead willful patent infringement. Signify alleges that Axis "was aware of and had notice of" the alleged infringement prior to the filing of this lawsuit because Signify sent Axis pre-suit notice letters. Signify does not allege that Axis had knowledge of Signify's patents at the time it began selling the accused products. Accordingly, Signify has failed to adequately plead facts supporting a claim of willful patent infringement.

## Conclusion

Axis's October 21, 2019 motion to dismiss Signify's claims of direct patent infringement is denied. Axis's October 21 motion to dismiss Signify's claims of willful patent infringement is granted.

Dated:  New York, New York
        March 4, 2020

```
                    _____
                           DENISE COTE
                    United States District Judge
```