**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., <br><br> Plaintiffs, <br> v. <br><br> AXIS LIGHTING INC., <br><br> Defendants. | C.A. No. 1:19-CV-5516-DLC <br><br> **MEMORANDUM IN OPPOSITION TO MOTION TO RECONSIDER** |

Defendant Axis Lighting Inc. ("Axis"), by its attorneys, in opposition to the Motion to Reconsider of Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify"), states that the motion should be denied for the reasons set forth below.

## PRELIMINARY STATEMENT

Signify has not met the high standard applicable to a motion for reconsideration. There has been no change in controlling law and no new evidence. Nor has Signify demonstrated any clear error by the Court. Finally, in no way can it be said that the Court's dismissal of the willful infringement claim must be reversed to prevent manifest injustice.

Instead, Signify's motion rehashes (and in some ways contradicts) its previous arguments about the requisite elements for pleading "willful" patent infringement. Signify also attempts to raise new arguments not previously presented.

In short, Signify simply disagrees with the Court's ruling and wants the Court to change its mind. That is not nearly enough. If it were, every decision would be subject to a motion for reconsideration, over and over again.

## PROCEDURAL BACKGROUND

Signify filed its Complaint on June 13, 2019. In response, Axis moved to dismiss, both on jurisdictional grounds and, as relevant here, under Fed. R. Civ. Pro. 12(b)(6) for failure to properly plead willfulness. [Dkt. No. 16 at 8] In support of this motion, Axis cited *Align Technology, Inc. v. 3 Shape,* 339 F. Supp. 3d 435, 449 (D. Del. 2019), to the effect that a claim of willful infringement requires sufficient allegations that (a) the defendant knew of the patent-in-suit; (b) after acquiring that knowledge, the defendant infringed the patent; and (c) in doing so, the defendant knew or should have known that its conduct amounted to infringement. [Dkt. No. 16 at 8] Thus, from the start of the case, Signify was put on notice that it would be held to the required pleading standard if it wanted to pursue a claim of willful infringement.

After Axis filed this motion, the Court entered an Order providing Signify the option to respond or file an amended complaint, stating specifically, "it is unlikely that Plaintiff will have another opportunity to amend." [Order, dated Aug. 20, 2019, dkt. No. 17] Following entry of that Order, Signify did not respond to Axis' challenge to the adequacy of the Complaint's substantive allegations. Rather, Signify elected to amend its substantive allegations, knowing full well that it would have to satisfy the willfulness pleading requires as set forth in *Align Technology.*

Signify filed its Amended Complaint on September 6, 2019, but did not meet this pleading requirement. In its second motion to dismiss, Axis again argued that Signify did not adequately plead willfulness. [Dkt. No. 33, at 5-8] And in its Opinion and Order, dated March 4, 2020, the Court properly found that Signify did not cure these shortcomings and did not plead the requisite knowledge element. [Dkt. No. 45 at 6-7]

## STANDARDS FOR MOTIONS TO RECONSIDER

Signify acknowledges, as it must, that "the standard is high for granting a motion for reconsideration." [Dkt. No. 48 at 1] Yet Signify does not properly state the standard, merely concluding that "relief is warranted here based on clear error."[1] [*Id.*]

This Court, in *In Re Longfin Corporation,* No. 18 CV 2933, 2019 U.S. Dist. LEXIS 210983 (Dec. 6, 2019), recently identified the standard applicable to a motion for reconsideration in this circuit:

> Plaintiffs have thus failed to identify "any intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice."

*Id.* at *3 (quoting *Kolel Beth Yechel of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F. 3d 99, 104 (2d Cir. 2013). This Court has identified the procedural limits on motions to reconsider in *Federal Housing Finance Agency v. JP Morgan Chase & Co.*, No. 11 Civ. 6188, 2013 WL 5354212 (S.D.N.Y. Sep. 25, 2013):

> A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked" . . ."[i]n seeking reconsideration, a party may not advance new facts, issues or arguments not previously presented to the Court."

*Id.* at *1 (quoting *Shrader v. CSX Transp,* 70 F.3d 255, 257 (2d Cir. 1995) and *Nat'l Union Fire Ins. v. Stroh Cos.*, 265 F3d 97, 115 (2d Cir. 2001). Signify's motion does not meet any of these requirements.

---

[1] Though later in its Memorandum, Signify characterized its arguments as based on "legal error" or based on findings that "err factually and legally." [Dkt. No. at 1-2] In other words, just "error", not clear error. Signify simply disagrees with the Court. That is not enough.

## AN INFRINGEMENT PLAINTIFF MUST ALLEGE THE
## DEFENDANT'S KNOWLEDGE OF THE PATENTS

Signify first argues that the Court mis-read the Federal Circuit's decision in *SRI International v. Cisco Systems*, 930 F.3d 1295 (Fed. Cir. 2019). Signify points to the Court's statement, following its citation to *SRI International,* that "Signify does not allege that Axis had knowledge of Signify's patents at the time it began selling the accused products." [ECF No. 48 at 1] Signify claims that the Court's "finding is legal error because such knowledge is not required for a finding of willfulness." [*Id.*]

Yet Signify omits that the Court recognized the principle that "culpability is generally measured against the knowledge of the act at the time of the challenged conduct." [ECF No. 45 at 6-7  (citing *SRI International*, 930 F.3d  at 1308 and *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S. Ct. 1923, 1932 (2016)) Nor does Signify cite the Court's next citation to *SRI* for the principle that "a plaintiff's pre-suit notice letter on its own, does not support a finding of willful patent infringement." [ECF No. 45 at 7.]

Further, if there is any doubt, Justice Breyer's concurring opinion in *Halo*, 136 S. Ct. at [full cite] clarifies that this Court's references in *Halo* to "willfulness misconduct" does not mean that "a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*." 136 S.Ct. at 1935 (emphasis original). Expressed another way, the rule is that knowledge of the patent at the time of the challenged conduct is a necessary, but is not itself a sufficient, basis for willfulness. There must be something more to show the conduct is egregious.

Thus, Signify is wrong that knowledge of patents before selling the accused products is not a necessary element of a claim of willful infringement. It is. To be sure, Signify cited cases both pre-*Halo* and post-*Halo* in its memorandum in opposition to the motion to dismiss acknowledging

4

that a plaintiff must assert actual knowledge of an issued patent. [Dkt. No. 37 at 12] Signify acknowledged that the plaintiff must additionally plead facts to support an inference that the infringement is "egregious." [Dkt. No. 37 at 12]

In short, the Court properly and rightfully dismissed Signify's claim of willfulness because it did not plead facts showing knowledge or egregiousness in either its original or amended complaint.

Finally, Signify cannot properly raise this argument now in any event. Signify did not previously present this argument in prior briefing. Rather, Signify admitted it had to plead knowledge and claimed it had. The Court properly found it had not.[2] The motion to reconsider should be denied.

## SIGNIFY HAS NOT PROPERLY PLEADED AXIS' KNOWLEDGE OF ITS PATENTS

Signify next complains, inconsistently with its first argument, that it does not have to plead knowledge; that the Court erred because it ruled that a pre-notice letter, on its own, does not support a patent infringement claim. According to Signify, its pre-suit letters are adequate to show that Axis had the required knowledge. [Dkt. No. 48 at 2] Signify then rehashes the arguments already presented in its opposition to Axis' motion to dismiss. [Dkt. No. 37 at 7-16]

---

[2] Signify's attempts to parse *SRI International* to mean that the Federal Circuit does not require knowledge of patents to support willfulness. This is contradicted by the decision itself and the court of appeal's citations to the Supreme Court's *Halo* case. Moreover, even as to post-suit conduct in *SRI International*, the Court remanded for a determination whether the jury's presumed willfulness finding as to post-suit conduct was supported by substantial evidence, keeping in mind the egregiousness standard for willful infringement. *See* 930 F. 3d at 1310. Once again, the Federal Circuit ruled that even knowledge of the patents from the filing of the suit itself was not necessarily sufficient to support willfulness. That ruling of course does not stand for the converse as Signify attempts to argue—that simply filing suit is enough to support a claim for ongoing willfulness. It is not.

But, as the Court has previously held, a motion to reconsider must be based on the need to correct a clear error or to prevent manifest injustice, and will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked. Signify makes no such showings here.

As Axis argued previously, Signify's supporting allegations are based on mere "information and belief" with no factual explanation of the basis for such information and belief. [Dkt. No. 33 at 5] The purported notice letters that Signify sent provide no specific explanation of any infringement charge but mere conclusions or assertions some of its patents "may be relevant" to general categories of products. [*Id.* at 7]

The Court correctly found the notice letters on their own did not support willfulness, and that ruling is factually and legally supported, not a clear error. *See, e.g., Valinge Innovation AB v. Halstead New Eng. Corp.*, No. 16-1086, 2018 WL 2411218, at *13 (D. Del. May 29, 2018) (dismissing willfulness claims because the plaintiff failed to show that at the time of filing the complaint, defendants "were on notice as to how they were said to infringe the asserted patents"). Further, in *Valinge,* the Court rejected Signify's argument here that merely filing the suit alone provided sufficient notice for post-notice willfulness. *See id.*[3]

//

//

//

---

[3] Signify's reliance on *IOENGINE, LLC v. Paypal Holdings*, Inc., No. CV 18-452, 2019 WL 330515 (D. Del. Jan. 25, 2019), is misplaced. There, the court held there that as to pre-suit issues (as here), the complaint did not support willfulness which requires knowledge by the accused infringer that its conduct infringed. Signify's citation to note 4 of that opinion relates to an issue not before this Court—whether the defendant may be answerable for willful infringement after suit was filed if the plaintiff can prove the requisite level of culpable (egregious) behavior during the post-suit period.

//

## CONCLUSION

Signify does not present anything new. There is no clear error. The Court was correct to dismiss the improperly plead willfulness claims and Signify makes no showing to meet its heavy burdens on a motion to reconsider. The motion should be denied.

April 10, 2020                                  Respectfully submitted,

*s/ Paul Olszowka*

Paul Olszowka
Paul.Olszowka@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive, 44th Floor
Chicago, Illinois 60606
(312) 214-5612 - Phone
(312) 759-5646 - Fax


*s/ Daniel P. Albers*

Daniel P. Albers
dalbers@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive, 44th Floor
Chicago, Illinois 60606
(312) 214-8311 – Phone

## **CERTIFICATE OF SERVICE**

The undersigned hereby states that the above was served on all parties of record, via this Court's ECF filing system on April 10, 2020.

*/s/ Daniel P. Albers*