```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------  X
                                          :
SIGNIFY NORTH AMERICA CORPORATION and     :
SIGNIFY HOLDING B.V.,                     :
                                          :       19cv5516 (DLC)
                              Plaintiffs, :
                                          :       OPINION AND ORDER
              -v-                         :
                                          :
AXIS LIGHTING INC.,                       :
                                          :
                              Defendant.  :
                                          :
----------------------------------------  X
```

APPEARANCES

For plaintiffs:
Michael P. Kahn
Akin Gump Strauss Hauer & Feld LLP
One Bryan Park
New York, NY 10036
(212) 872-1000

C. Brandon Rash
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4380

For defendant:
Paul T. Olszowka
Daniel P. Albers
Barnes & Thornburg LLP
One North Wacker Drive
Chicago, IL 60606
(312) 214-5612

DENISE COTE, District Judge:

   On March 18, 2020, plaintiffs Signify North America

Corporation and Signify Holding B.V. (together, "Signify") moved

for reconsideration of the March 4 dismissal of Signify's claims for willful patent infringement.  See Signify N.A. Corp. v. Axis Lighting, Inc., No. 19cv5516, 2020 WL 1048927, at *3 (S.D.N.Y. March 4, 2020) (the "March Opinion").[1]  This motion became fully submitted on April 24.  Familiarity with the March Opinion is assumed.  For the following reasons, the motion for reconsideration is granted.

On June 13, 2019, Signify brought suit against Axis alleging that Axis has committed direct patent infringement and willful patent infringement in the sale and offering of certain, specified light-emitting diode ("LED") lighting devices.  The amended complaint alleges that Signify sent Axis pre-suit notices that specified Axis products were infringing certain patents held by Signify.  Axis acknowledged receipt of several of the notices and requested copies of the patents for evaluation.  Prior to initiating this lawsuit, Signify also provided Axis with a draft of the complaint detailing Axis's infringing acts on a limitation-by-limitation basis.  The March Opinion did not acknowledge the entirety of these allegations. It did not describe the allegations about the defendant's request for the patents or its receipt of the draft complaint.

---

[1] The March Opinion denied Axis Lighting Inc.'s ("Axis") motion to dismiss Signify's direct patent infringement claims.

Under Section 284 of the Patent Act, a court may increase an award of damages in a patent infringement case by up to three times. 35 U.S.C. § 284. Such enhanced damages are appropriate where a district court finds, in its discretion, the case before it to be an "egregious case[] of misconduct beyond typical infringement." Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1935 (2016). "Knowledge of the patent alleged to be willfully infringed" is "a prerequisite to enhanced damages." WBIP, LLC v. Kohler Co., 829 F.3d 1317, 1341 (Fed. Cir. 2016). "[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct." SRI Int'l, Inc. v. Cisco Sys., Inc., 930 F.3d 1295, 1309 (Fed. Cir. 2019) (citation omitted).

But, "'willful misconduct' do[es] not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more." Halo Elecs., 136 S. Ct. at 1936 (Breyer, J., concurring) (emphasis in original). Rather, to merit enhanced damages, a defendant's conduct must be "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant or -- indeed -- characteristic of a pirate." Id. at 1932; see also SRI Int'l, Inc., 930 F.3d at 1308.

Re-examining the allegations in the amended complaint and considering each of them, Signify has stated a claim for willful

patent infringement at least as of the time it delivered a draft complaint to the defendant.[2]  These allegations not only plead knowledge of Signify's patents, they also support an inference that the infringement at issue was consciously wrongful.

## Conclusion

Signify's March 18, 2020 motion for reconsideration of the March Opinion is granted.  The claims for willful patent infringement against Axis are reinstated.


Dated:    New York, New York
          April 30, 2020

                                 _____
                                            DENISE COTE
                                    United States District Judge

---

[2] Because the amended complaint alleges that Signify did more than just send pre-suit notices to Axis, it is not necessary to determine whether pre-suit notices, on their own, are a sufficient basis upon which to conclude that a plaintiff has stated a claim for willful patent infringement.

4