# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SIGNIFY NORTH AMERICA CORPORATION
and SIGNIFY HOLDING B.V.

                              Plaintiffs,

              vs.                                    C.A. No. 1:19-cv-5516 (DLC) (KHP)

AXIS LIGHTING INC.,

                              Defendant.

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, THAT: Each of the parties to this action, Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "**Signify**") and Defendant Axis Lighting Inc. ("**Axis**"), asserts that the parties to this action possess information that one or more parties contends is confidential. The parties wish to ensure that such confidential information shall not be made public, and that its confidentiality is maintained. In addition, it is likely that the parties would seek information from non-parties that such non-parties would consider confidential.

Accordingly, the following procedure shall be adopted for the protection of the parties' and non-parties' confidential information:

### DEFINITIONS

1.     CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), and any other information considered in good faith by any party or non-party

producing such Documents or information to be confidential because it contains or constitutes non-public information treated by such Producing Party ("**Producing Party**") as confidential, unless and until such time as such information is found not to be confidential pursuant to the provisions of this Stipulated Protective Order ("Order"). CONFIDENTIAL INFORMATION shall be restricted only to those set out in Paragraphs 9 and 10 of this Order.

2.      HIGHLY CONFIDENTIAL INFORMATION means any CONFIDENTIAL INFORMATION that the Producing Party believes in good faith constitutes, and treats as proprietary, financial or technical data or commercially sensitive competitive information, including, but not limited to, CONFIDENTIAL INFORMATION obtained from a non-party pursuant to a current Non-disclosure Agreement ("**NDA**"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, marketing information, financial information, such as sales amounts and unit sales, consumer account or transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the Producing Party. HIGHLY CONFIDENTIAL INFORMATION shall be restricted only to those set out in Paragraph 10 of this Order.

## DESIGNATION & MARKING OF INFORMATION

3.      Each Producing Party may produce certain of its Documents for inspection by counsel of record to a party to this action (the "**Inspecting Party**"), or may produce and deliver Documents without prior inspection by the Producing Party, which may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the Inspecting Party shall assume that all Documents produced for inspection are HIGHLY CONFIDENTIAL INFORMATION of the Producing Party

and shall treat all such Documents as HIGHLY CONFIDENTIAL INFORMATION until the Producing Party has had the opportunity to designate and mark them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as required by Paragraph 4, or for thirty (30) calendar days, whichever comes first. With respect to Documents produced and delivered by the Producing Party without such prior inspection, the Producing Party shall mark CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as required by Paragraph 4 before delivering them.

4.      For any Document or other information produced in paper or other tangible form that the Producing Party deems to be CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the Producing Party shall prominently mark each page of the Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to production. With respect to Documents or other information produced in electronic form, the Producing Party shall mark each page of each Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as far as is practicable for the particular electronic format in which the Document or other information is produced. All copies of Documents or other information produced by any Producing Party, and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order, shall be marked as required by this paragraph.

5.      Whenever a deposition involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the following procedure shall apply:

(a)      At the request of the party or non-party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is disclosed, a reporter (the "**Reporter**") shall prominently mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL

INFORMATION.  Such request shall be made on the record whenever possible, but any party (the "**Designating Party**") may designate portions of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided within thirty (30) calendar days after receipt of the transcript of the deposition by the Designating Party.

(b)     At the Designating Party's option, the Reporter  shall separate all portions of a deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by the Designating Party  during a deposition, and bind such portions separately from the non-confidential portions of the deposition transcript. The Reporter shall prominently mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the cover and each page of such separately bound portions of the deposition transcript.

(c)     The dissemination of all separately bound deposition transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and all portions of transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, shall be limited to persons identified in Paragraphs 9 and 10, respectively.

(d)     As a condition for allowing any former employee of a Producing Party to provide CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to the parties in this action, the party obtaining the information shall treat all information obtained from such former employee as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION unless and until: i) the information has been or is obtained through other proper means such that it is not CONFIDENTIAL or HIGHLY

CONFIDENTIAL INFORMATION; ii) the former employing party agrees that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION; or iii) a court of competent jurisdiction decides that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

6.      The parties shall meet and confer in advance of the deadline for submission of the Joint Pretrial Order regarding a procedure for the use at trial of any document designated for protection under this Order.  Any agreed-upon procedure by the parties shall be included in the Joint Pretrial Order.  If the parties cannot reach agreement on a procedure, the parties shall set forth their respective proposals in the Joint Pretrial Order.

## ACCESS TO AND LIMITATIONS ON USE OF  CONFIDENTIAL INFORMATION

7.      All Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by the Producing Party  shall be maintained according to this Order and used solely in connection with this action, unless otherwise agreed by the Producing Party, and all such confidentiality obligations herein shall survive the completion of the litigation.

8.      For the avoidance of doubt, no Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (or any extract, summary, report or analysis derived from this, or incorporating any CONFIDENTIAL OR HIGHLY CONFIDENTIAL information or any CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION retained in unaided memory) may be used in any other litigation or licensing activities.  Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.  Nothing shall prevent the disclosure of any Documents, deposition transcripts (or portions

thereof), or other information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (a) by the Designating Party, or (b) to any employee of such Designating Party, or (c) to any non-party who authored such information, or (d) to any non-party who had previous knowledge of the specific CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. For purposes of this Order, "previous knowledge" shall mean information which, as to the non-party, was or is, (a) known to the non-party from sources that owed no obligation of confidentiality to the Producing Party, (b) independently developed by the non-party, (c) obtained lawfully from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (subject to Paragraphs 3 and 17 hereof), or (d) received by the non-party after disclosure in this action from another non-party having the right to make such disclosure.

9.      Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons (the "**Receiving Parties**"):

(a)      Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action; for purposes of this Order, P. Bradley Limpert and Limpert & Associates shall be deemed as an "outside counsel of record"; provided, however, that Limpert & Associates shall satisfy the conditions set forth in Paragraph 11;

(b)      Court personnel, including stenographic Reporters  engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court Reporters  and their transcribers, and videographers;

(c)     Authors, addressees, and recipients of the specific CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific CONFIDENTIAL INFORMATION;

(d)     Experts or consultants assisting or working with the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order; provided, however, that no such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in Paragraph 11 are met;

(e)     No more than three (3) internal company counsel for each party at any one time, provided that each such counsel is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action, and provided that each such counsel is not involved in competitive decision-making (e.g., product design or pricing) of the company or patent prosecution activities of the company; for avoidance of doubt, "patent prosecution activities" as used throughout this Order include the following activities that involve LED luminaire-related technology, related to, or which could rely on disclosed CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION: the decision regarding whether to file a patent application for invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reissue, substitute, renewal or convention patent applications, claim drafting, or the drafting of any such documents to be filed with the United States Patent and Trademark Office or any foreign patent office, but does not include representing a party in an *inter partes* review, a covered business method review, a post grant review, a reissue, a reissue protest, or an *ex parte*

reexamination, including in connection with any claim amendments permitted under such post-grant proceedings; provided, however, that no such counsel may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in Paragraph 11 are met;

(f)     Any other person(s) designated by Order of the Court, after notice to all parties herein;

(g)     Any other person(s) designated jointly by the parties.

10.     Access to HIGHLY CONFIDENTIAL INFORMATION shall be restricted to the following persons:

(a)     Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action;

(b)     Court personnel, including stenographic Reporters  engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court Reporters  and their transcribers, and videographers;

(c)     Authors, addressees, and recipients of the specific HIGHLY CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific HIGHLY CONFIDENTIAL INFORMATION;

(d)     Experts or consultants assisting or working with the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order; provided, however, no  such expert or consultant may be given access to HIGHLY CONFIDENTIAL INFORMATION until the conditions set forth in Paragraph 11 are met;

(e)    No more than three (3) internal company counsel for each party at any one time, provided that each such counsel is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action, and provided that each such counsel is not involved in competitive decision-making (e.g., product design or pricing) of the company or patent prosecution activities of the company as described in Paragraph 9(e); provided, however, no such counsel may be given access to HIGHLY CONFIDENTIAL INFORMATION until the conditions set forth in Paragraph 11 are met;

(f)    Any other person(s) designated by Order of the Court, after notice to all parties herein;

(g)    Any other person(s) designated jointly by the parties.

11.    No CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under Paragraphs 9(d)-(e) or 10(d)-(e) of this Order until each of the following preconditions is met:

(a)    The proposed person shall be provided with a copy of this Order;

(b)    The proposed person shall be advised that he/she is bound by this Order; and

(c)    The proposed person shall sign a document in the form of EXHIBIT A to this Order. If the person to which a proposing party ("**Proposing Party**") wishes to disclose CONFIDENTIAL INFORMATION of an opposing party is a legal entity, EXHIBIT A must be signed by a person authorized to bind such entity, and such person, by signing EXHIBIT A, agrees and promises to advise its personnel of the obligations imposed by this Order and their obligation to comply with such obligations.

(d)    The party obtaining EXHIBIT A must serve it on all other parties at least five (5) business days before the first disclosure of documents designated for protection

under this Order to an expert or consultant (or a member of the staff for either of the foregoing) or in house counsel. If there is any dispute in relation to any Exhibit A (which does not include challenging the qualifications of an expert or consultant), the party objecting to the Exhibit A shall notify the other party in writing within three (3) business days, and the parties shall work in good faith to resolve this dispute. The Proposing Party proposing to make the disclosure must serve the producing party with a written identification of the proposed person and, for experts or consultants, a copy of his or her *curriculum vitae*.  Unless the parties resolve the dispute within five (5) business days after service of the objection, the Producing Party must move the Court promptly for a ruling and the documents designated for protection under this Order may not be disclosed to the expert or consultant without the Court's approval.

### CHALLENGES TO CONFIDENTIAL DESIGNATIONS

12.     The receipt by a party of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a Producing Party shall not be construed as an agreement by the Receiving Party  that such information is in fact confidential to the Producing Party, and shall not operate as a waiver of the Receiving Party's right to challenge any such designation.

13.     In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as designated by the Producing Party until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

14.     No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such designation.  The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in Paragraph 16 shall rest on the party asserting such exceptions.

15.     Applications to the Court for an order relating to any documents designated for protection under this Order shall be made in accordance with the procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

## **EXCEPTIONS TO CONFIDENTIALITY**

16.     Any Documents, deposition transcripts (or portions thereof) , or other information bearing a CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation may be declared non-confidential (and therefore not subject to this Order) by the Court, upon motion of a party, to the extent that the moving party proves to the Court's satisfaction that such Documents, deposition transcripts (or portions thereof), or other information contain:

(a)     information which at the time of disclosure was available to the public;

(b)     information which after disclosure to the Receiving Party in this action becomes available to the public through no act or failure to act by or on behalf of the Receiving Party, including the persons identified in Paragraphs 9 and 10;

(c)     information which as to the Receiving Party (including the persons identified in paragraphs 9-10 hereof) was (i) already known to the Receiving Party from sources that owed no obligation of confidentiality to the Producing Party, (ii) independently developed by the Receiving Party, (iii) obtained from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (subject to Paragraphs 3 and 17 hereof), or (iv) received after disclosure in this action from a non-party having the right to make such disclosure or having no obligation to refrain from making such a disclosure; or

(d)     information that is not a trade secret, CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as defined in this Order as may be determined by the Court, or otherwise confidential under governing law.

## **SUBSEQUENT DESIGNATION**

17.     If a Producing Party produces any Document or other information, or provides any deposition testimony containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the Receiving Party in writing. Upon receiving such notice, the Receiving Party shall treat the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. To the extent that such Document, deposition transcript (or portions thereof), or other information were disclosed to persons other than persons described in Paragraphs 9 and 10 hereof, the

Receiving Party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

## **INADVERTENT PRODUCTION OR DISCLOSURE**

18.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture, in whole or in part, of any claim of privilege, work product protection or other immunity with respect to the Inadvertently Disclosed Information and its subject matter.

19.     If a disclosing party makes a claim of inadvertent disclosure, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21.     The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

22.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.     Inadvertent production or disclosure of any Inadvertently Disclosed Information, including any document or information without a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be governed by Fed. R. Evid. 502.

24.     Each person receiving material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall exercise due and proper care in connection with the storage, custody, use and dissemination of such information to avoid any intention al or inadvertent disclosure to persons to whom disclosure is not permitted under this Order.   In the event of disclosure of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to any person not authorized to such access under this Order, the Receiving Party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the Producing Party whose material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.   The Receiving Party responsible for improperly disclosing such material shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

## POST-LITIGATION OBLIGATIONS

25.     Within thirty (30) calendar days after the completion of the litigation and all appeals, the Receiving Party shall return or destroy all Documents, deposition transcripts (or portions thereof), and other information received from a Producing Party and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and all copies, abstracts, extracts, excerpts, and summaries thereof. Written certification of compliance with this Paragraph shall be served on all other parties within forty (40) calendar days after the completion of the litigation and all appeals.

26.     Notwithstanding the requirement to return or destroy documents in Paragraph 25, attorneys subject to this Order may retain copies of all pleadings, motion papers, orders, transcripts, written discovery, correspondence, and other papers filed with the Court or exchanged by the parties, even though they may contain information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION in accordance with this Order.  Attorneys subject to this Order may also retain attorney work product, so long as the work product does not duplicate verbatim substantial portions of the text or images of production documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION in accordance with this Order.  The work product shall continue to be subject to the protections of this Order in accordance with the applicable designation.  An attorney may use his or her work product in subsequent matters provided that its use does not disclose or use information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION in accordance with this Order.

27.     Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

28.     After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**OTHER**

29.     Nothing in this Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents, deposition transcripts (or portions thereof), or other information, or relief from this Order with respect to particular Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION hereunder.

30.     Nothing in this Order, and no CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not disclose to its client any information designated by the Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

31.     Non-parties producing documents or providing testimony in the course of this action also may designate material or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, subject to the same protections and constraints as the parties to this action.  A copy of this Order shall be served along with any subpoena served in connection with this action.  A non-party's use of this Order, however, does not entitle that non-party to access any material or documents produced by any party in this case.

32.     This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the Local Rules and the presiding judge's standing orders or other relevant orders.

33.     This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

34.     This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

35.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

Dated: June 5, 2020

STIPULATED and AGREED to by:

/s/ *C. Brandon Rash*

C. Brandon Rash (*pro hac vice*)
M. Andrew Holtman (*pro hac vice*)
Ryan S. Stronczer (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4000
brandon.rash@akingump.com
andy.holtman@akingump.com
rstronczer@akingump.com

Michael P. Kahn (4068615)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park, 44th Floor
New York, NY 10036
(212) 872-1082
mkahn@akingump.com

**COUNSEL FOR PLAINTIFFS**
**Signify North America Corporation and**
**Signify Holding B.V.**

/s/ *Paul T. Olszowka*

Paul T. Olszowka (3904182)
Barnes & Thornburg LLP
One North Wacker Drive, 44th Floor
Chicago, IL 60606
(312) 214-5612
Email: paul.olszowka@btlaw.com

Daniel P. Albers (*pro hac vice*)
Barnes & Thornburg LLP
One North Wacker Drive, 44th Floor
Chicago, IL 60606
(312) 214-8311
Email: dalbers@btlaw.com

**COUNSEL FOR DEFENDANTS**
**Axis Lighting Inc.**

So ordered.   6.08.2020.

_____
DENISE COTE
United States District Judge

- 17 -

## **<u>ORDER</u>**

**SO ORDERED.**

Dated:_____, 2020

_____

HON. DENISE COTE
U.S. DISTRICT COURT JUDGE

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

SIGNIFY NORTH AMERICA CORPORATION
and SIGNIFY HOLDING B.V.

                    Plaintiffs,

            vs.                                    C.A. No. 1:19-cv-5516 (DLC) (KHP)

AXIS LIGHTING INC.,

                    Defendants.

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

I, _____, declare that:

    1.    My address is _____

    2.    My present employer is _____

    3.    My present occupation or job description is _____

    4.    I am a citizen of _____

    5.    I have been provided a copy of the Stipulated Protective Order regarding CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION in this case signed by counsel for the litigants and/or by Judge Cote of the United States District Court for the Southern District of New York.

    6.    I have carefully read and understand the provisions of the Protective Order.

    7.    I will comply with all of the provisions of the Protective Order.

8.     I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as any abstracts, extracts, excerpts, and summaries thereof containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

9.     Upon request, I will return to counsel for the party from which I receive, or by whom I am designated, employed, or retained, all documents or other materials in my possession containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof, except provided that attorneys may keep a copy of the materials identified in Paragraph 25 of the Protective Order in archival storage.

10.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

11.    I certify under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Executed on _____


Signature _____


Location: _____

## CERTIFICATE OF SERVICE

I certify that all counsel of record, who are deemed to have consented to electronic service are being served June 5, 2020, with a copy of this document via the CM/ECF system.

*/s/ C. Brandon Rash*
C. Brandon Rash