

**C. BRANDON RASH**
+1 202.887.4380/fax: +1 202.887.4288
brandon.rash@akingump.com

August 11, 2020

VIA ELECTRONIC COURT FILING

Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18B
New York, NY 10007-1312

    Re:    **Signify North America Corporation et al v. Axis Lighting Inc.,
Civil No. 1:19-cv-05516-DLC**

Dear Judge Cote:

    Pursuant to Local Civil Rule 37.2, Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") submit this response to Defendant Axis Lighting, Inc.'s ("Axis") letter motion filed August 10. Dkt. 77. Axis seeks to postpone written discovery and require Signify to "correct the deficiencies its discovery." *Id.* at 1. These requests should be denied as lacking merit, being premature, and unnecessarily increasing costs.

    Axis articulates no credible reason to alter the Court's Scheduling Order, entered four months ago, and deviate from the normal course of discovery. Axis argues that written discovery should not "begin in earnest until November, 2020" to better understand each other's "core positions," without articulating any specifics. *Id.* at 1. Axis had Signify's positions a year ago in the complaint. Dkts. 1, 20. Although the Court only ordered Signify to produce infringement contentions for "the principal claim from the principal patent" for mediation (Dkt. 60 at 1), Signify also produced detailed contentions for *all* patents-in-suit, totaling over 160 pages.

    Delaying discovery will decrease efficiency and increase costs. It would require Signify to prepare infringement contentions, again, based on publicly available information, and then update them piecemeal as Axis provides information. Delaying discovery would also give Axis an unfair two bites of the apple if Axis produces barebones invalidity contentions on September 25, and then seeks to re-do them after later discovery. Contentions are necessary to understand the scope of disputes on claim construction, which starts early October. *See* Dkt. 55 at 2. Discovery between the parties is also necessary before they can seek third-party discovery in an appropriately efficient and targeted manner. Axis' proposed delay only creates unnecessary challenges and barriers to completing fact discovery on time, by March 26, 2021. *See id.*



Honorable Denise L. Cote
August 11, 2020
Page 2

Axis argues that "potential damages are very limited." First, this is not a reason to postpone discovery. Second, Axis does not substantiate its sales figure, such as identifying which Axis products are included. Based on prior discussions, it is apparent to Signify that Axis defines the accused products much more narrowly than the complaint. Third, Axis refuses discovery, thwarting Signify's ability to determine the full scope of Axis' infringement and damages owed. Axis has it backwards here—discovery is required *before* calculating damages.

Axis argues that "Signify is now abusing the discovery process" because Signify served discovery requests "just a few hours after mediation." On the contrary, it is Axis refusing to meaningfully participate in this case. Axis omits that, as a courtesy and good faith effort to promote settlement discussions, Signify agreed to withdraw discovery requests served on April 1. When mediation failed, Signify promptly re-served its requests as any diligent party would. Axis suggests that Signify "devote attention" to its disclosures and contentions, and yet, the timing of Axis' actions here—just two weeks before contentions are due—distracts Signify from those tasks, and Axis' delay of discovery withholds information relevant to those contentions.

Lastly, Axis argues that "Signify's written discovery violates the Local Rules and Rules of Civil Procedure," but this argument is both wrong and not ripe. Axis has not even provided the courtesy to Signify and the Court of written responses, highlighting Axis' unwillingness to take this case seriously. Axis does not dispute that Signify seeks relevant information. Given Axis' history of delay and obfuscation, Signify believes that prompt and thorough discovery requests were warranted here. As is standard in any case, Signify agreed to meet-and-confer on the scope and timing of individual requests after Axis serves its written responses. *See* Dkt. 76-3 at 1. For example, Axis complains about the timing of noninfringement contentions, when Signify has no objection to Axis promptly serving those after Signify serves infringement contentions. Signify has repeatedly shown that it is willing to be reasonable, if only Axis would cooperate. Axis should not be allowed to waste Signify's and the Court's time with premature, piecemeal challenges raised in an informal letter. Just like its past default and motions practices, Axis' approach here is meritless and wasteful.

        Respectfully submitted,

        */s/ C. Brandon Rash*
        C. Brandon Rash
        Counsel for Plaintiffs Signify North America
        Corporation and Signify Holding B.V.

cc:    Counsel of record (*via ECF*)