

**C. BRANDON RASH**
+1 202.887.4380/fax: +1 202.887.4288
brandon.rash@akingump.com

October 14, 2020

VIA ELECTRONIC COURT FILING

Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18B
New York, NY 10007-1312

    Re:    **Signify North America Corporation et al v. Axis Lighting Inc.,
               Civil No. 1:19-cv-05516-DLC**

Dear Judge Cote:

      Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") provide this letter in response to Defendant Axis Lighting Inc.'s ("Axis") October 9, 2020 letter, in an effort to provide a simpler list of the remaining ripe disputes concerning Signify's October 2, 2020 letter motion in anticipation of any necessary hearing.

      First, Axis improperly includes "(to the extent Axis is aware of any)" in the definitions of accused products. D.I. 100 at 2. Axis has also indicated it will only identify the color-mixing components to the extent it is "aware" of what is reasonably similar. Signify agrees that Axis' discovery obligations are limited to documents and information in its possession, custody, and control, but it is improper and unprecedented (and circular) to limit the scope of accused products and components based on Axis' *ex ante* "awareness." Rather, it should be limited to the scope of what is alleged to infringe and reasonably similar products.

      Second, Axis agreed to identify all of the claimed components, but for certain components, Axis will only identify them *after Axis* proposes a stipulation and only *after Axis decides* whether or not it can agree. D.I. 100 at 3. Given Axis' repeated history of delays, Signify cannot accept this proposal without a date certain for the parties to agree on a stipulation, and if not agreed, a date certain for the identification of the claimed components.

      Third, Signify seeks some assurance that Axis will start producing documents and substantive interrogatory responses in a timely fashion. Axis forced Signify to file a letter motion just to start discovery. *See* D.I. 79. Axis then strung Signify along for *six weeks* after its discovery responses were due in mid-August with promises of future supplementation, and only at the September 29 meet-and-confer, did Axis inform Signify that it would not produce documents on accused products until the dispute over scope was resolved. Signify's October 2, 2020 letter



Honorable Denise L. Cote
October 14, 2020
Page 2

motion seeks simple, straightforward information that should never have required a motion: the mere identification of accused products and certain claimed components therein—which only Axis can provide. For example, over two weeks ago, Axis told Signify that "Axis is willing to provide a list to Signify of the exact models of Lutron drivers used by Axis in its products," and that Axis had "identified 48 L3D models, 16 LDE1 models, 15 LDE5 models, and 16 LTE models." D.I. 92, Ex. 11 at 2. But Axis still has not simply produced this list. As of this letter, Signify remains in the same position as when it filed the October 2, 2020 letter with no more information from Axis on the accused products and no indication of when Axis intends to provide that information.

Accordingly, Signify requests that the Court order:

(1) within one week of the Court's order, a substantial production including:
    (a) identification of the accused products,
    (b) to the extent Axis is unable to identify the full scope of products falling within the definition, the production of information in its possession, custody, or control sufficient to allow such a determination, e.g., driver make and model (including the list of Lutron drivers that Axis has already prepared, has in its possession, but has so far refused to produce), and
    (c) resolution of whether the parties can reach a stipulation on the components; and

(2) thereafter, prompt rolling supplementations of document production and substantive interrogatory responses, including, within two weeks of the Court's order, identification of the components for which a stipulation was not reached.

Respectfully submitted,

*/s/ C. Brandon Rash*

C. Brandon Rash
Counsel for Plaintiffs Signify North America
Corporation and Signify Holding B.V.

cc:    Counsel of record (*via ECF*)