# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Cheryl T. Burgess
Cheryl.Burgess@knobbe.com

October 14, 2020

**VIA ELECTRONIC COURT FILING**

Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18B
New York, NY 10007-1312

      Re:    *Signify North America Corporation et al v. Axis Lighting Inc.,*
              Civil Action No. 1:19-cv-05516DLC (S.D.N.Y.)

Dear Judge Cote,

We write regarding the discovery disputes that remain in the above matter after the Court teleconference on October 14, 2020. Signify provided Axis with a proposal on the remaining disputed issues after the conference. Axis responded with a counterproposal on October 9, 2020 shortly prior to Signify sending its letter to the Court. (Ex. A.) Axis suspects its response crossed paths with Signify's filing, and therefore writes to provide its proposal, which it believes resolves many of the remaining issues.

## Accused Products

During the teleconference, Signify admitted that the alleged notice date for the '512 patent is the earliest date for possible damages. The Court determined that one year prior to the alleged notice date for the '512 patent was a reasonable cut-off date for the accused product definitions. In applying this guidance to the remaining accused product definitions, Axis proposed that the cut-off date for each should similarly be one year prior to the earliest date for possible damages. For some product categories, the earliest date is the alleged notice date and Axis applied a date one year prior to the alleged notice. For others, the earliest date is six years prior to the Complaint filing based on the six year statute of limitations in 35 U.S.C. § 286. Axis therefore applied a date seven years prior to the filing of the Complaint for some accused product definitions.

During the teleconference, the Court permitted Signify's inclusion of substantially similar products in the accused product definitions. The Court also understood Axis' position that in many instances it does not have the ability to assess whether there are additional products that are substantially similar. Axis added language to the accused product definitions after the language related to substantial similarity to capture this understanding.

We also note that Axis is investigating the scope of the '458 patent accused products in view of the Court's guidance and may seek clarification of the '458 accused product definition from the Court at a later date.

**Discovery Of Component Supplier, Make, and Model**

Signify seeks discovery of the supplier, make, and model for certain components.  Axis does not object to identifying relevant accused product components, or the make, model, and supplier for components where third party discovery is necessary (*e.g.*, Lutron drivers).  Axis already agreed to provide discovery on supplier, make, and model for many components during a prior meet and confer.

Axis objects to providing supplier, make, and model for components where the claims do not relate to the specific design or operation of the components.  For example, some claims recite an "LED."  All LEDs are constructed and operate essentially the same.  Signify's request for supplier, make, and model is therefore not relevant or proportionate to the needs of the case.  Axis offered in a prior meet and confer on October 8 to provide a proposal that instead stipulates to these components, and Signify agreed to consider the proposal so long as it addresses all of the relevant claim terms for each stipulated component.  Axis will therefore provide a proposed stipulation that covers the remaining components. If Axis determines it is not able to stipulate to any of the components, it will at that point agree to provide discovery on the supplier, make and model for those components.

**Timing Of Discovery**

During the teleconference, the Court requested that Axis provide a date to Signify for completion of its document production related to the accused products.  Axis has been reviewing the first three accused product categories in view of the Court's guidance, and working to determine the scope of the production and amount of time needed to gather the documents.  Axis was unable to provide a date to Signify on October 9, 2020, but is attempting to finalize its analysis.  We informed counsel for Signify of the status of Axis' progress on October 9, 2020.  Axis requests additional time for it to complete its analysis and provide a date to Signify.

Axis also notes that the parties are working to confirm agreement on the four remaining accused product definitions in view of the Court's guidance, as well as the outstanding component issue.  As soon as the parties confirm agreement on those issues or receive further Court guidance, Axis will also work to confirm the amount of time needed to gather the related documents.  Axis requests that the Court clarify that Axis does not need to provide Signify with a date for document production completion with respect to these outstanding issues until a reasonable amount of time after the parties are in agreement on the scope of the discovery.

# Knobbe Martens

Sincerely,

*Cheryl T Burgess*

Cheryl T. Burgess

cc:     Counsel of record (via ECF)

33689967

knobbe.com