# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Cheryl T. Burgess
Cheryl.Burgess@knobbe.com

October 14, 2020

**VIA ELECTRONIC COURT FILING**

Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18B
New York, NY 10007-1312

    Re:   *Signify North America Corporation et al v. Axis Lighting Inc.,*
            **Civil Action No. 1:19-cv-05516DLC (S.D.N.Y.)**

Dear Judge Cote,

We write to respond to, and clarify, several statements in Signify's letter regarding remaining discovery disputes, filed October 14, 2020. (D.I. 102.)

First, Axis does not understand the basis for Signify's objection to the language "(to the extent Axis is aware of any)" when used in relation to identifying substantially similar products within the definition of accused products. This includes the resolution to this issue provided by the Court (*See* Ex. J (Hearing Transcript) at 18:2-19:13; *see also* Ex. A (October 9, 2020 email setting forth Axis' accused product definitions); Ex. B (October 13, 2020 Email with Axis' agreed further modifications to Axis' accused product definitions).) The intent of the accused product definitions is to narrow the scope of Signify's initially overbroad discovery requests and thereby guide Axis' discovery responses. The disputed language simply captures the parties' understanding that Axis does not violate its discovery obligations if Axis simply does not know that one product is substantially similar to another product.

Second, Axis is not withholding *identification* of any components pending resolution of its proposed stipulation on components. The parties are seeking to agree to a stipulation that will decrease the burden of discovery. Both parties have agreed to seek such stipulations. Axis will be producing technical documents sufficient to identify the accused products, and those technical documents will include an identification of the components within each accused product (*e.g.*, whether the product includes an LED, driver, housing, etc.). Axis has not agreed to provide information regarding the *supplier, make, and model* for a limited subset of components Signify identified (LED light engine, fixture housing, and LED driver for two of the seven patents). (Ex. A at pp. 2-3 (October 9, 2020 email setting forth Axis' components counterproposal).) These components will be the subject of the draft stipulation that Axis has agreed to provide to Signify for review early next week. (Ex. C (October 14, 2020 email with timing for components stipulation).)

INTELLECTUAL PROPERTY + TECHNOLOGY LAW | knobbe.com

Third, Signify misleadingly suggests that Axis has not yet produced documents or substantive interrogatory responses.  Axis produced documents on September 25, 2020 (3,340 pages), October 1, 2020 (1,352 pages), October 2, 2020 (3,092 pages), and October 7, 2020 (89 pages).  (Exs. D-G).  Axis provided substantive interrogatory responses to many of Signify's Interrogatories on October 2, 2020.  (Ex. H).  Moreover, Axis has advised Signify that it will be producing additional documents based on the agreed accused product definitions beginning next week and continuing on a rolling basis thereafter.  (Ex. C (October 14, 2020 email).)

Signify also misleadingly states that Axis agreed to produce, but has not produced, a list of Lutron drivers used in the Axis products.  This is the second time that Signify has attempted to mislead the Court on this point.  Axis met and conferred with Signify on September 29, 2020 regarding Signify's inadequate Infringement Contentions, which Axis explained are inadequate because Signify has not identified the specific Lutron drivers it contends infringe the asserted patents or provided claim charts for the drivers that Axis uses in its LED lighting products.  In an effort to compromise, Axis followed up on the meet and confer and offered to provide a list to Signify of the exact models of Lutron drivers used by Axis in its products on the condition that Signify would provide claim charts that address any of the drivers Signify subsequently contends infringe.  (Ex. I (September 30, 2020 letter).)  Axis asked Signify to confirm its agreement with the proposal.  (*Id.*)  Signify never did.  Regardless, Axis will be providing the list of LED drivers to Signify by next week as part of its production.  (Ex. C (September 30, 2020 email).  Axis does so under the assumption that Signify will provide contentions for any of these driver products it thereafter believes to infringe the asserted patents.

Sincerely,

Cheryl T. Burgess

cc:     Counsel of record (via ECF)

33701723