

**C. BRANDON RASH**
+1 202.887.4380/fax: +1 202.887.4288
brandon.rash@akingump.com

November 23, 2020

VIA ELECTRONIC COURT FILING

Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18B
New York, NY 10007-1312

Re:   **Signify North America Corporation et al v. Axis Lighting Inc.,**
      **Civil No. 1:19-cv-05516-DLC**

Dear Judge Cote:

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") provide this letter in response to Defendant Axis Lighting Inc.'s ("Axis") November 20, 2020 letter (D.I. 121) regarding claim construction briefing. Before burdening Signify and the Court with double-size page limits, Axis should justify why terms need construction at this stage.

The Joint Disputed Claim Term Chart identifies _29_ terms for construction.  Dkt. 120. Signify has proposed to construe four terms. Axis agrees that three of those terms require construction. During a meet-and-confer, Axis asked why the fourth term ("A.C. dimmer circuit") needs construction, and Signify identified the reason (Axis misapplies the term in its invalidity contentions, identifying devices that are not "A.C. dimmer circuits").

Axis has taken a different approach. On October 9, 2020, the parties exchanged proposed claim terms for construction, and Axis identified _67_ terms. Ex. 1. On October 16, 2020, the parties exchanged constructions and evidence. Signify analyzed and served constructions and evidence for all proposed terms, at substantial time and expense. Without any advance notice, Axis addressed only about half of its terms (_33_ in total), unilaterally dropping the rest. Ex. 2.

Multiple times during the meet-and-confer process, Signify asked Axis to identify the infringement or invalidity dispute that requires construction, which is not apparent for most of Axis' terms. Axis, however, refused to identify any material dispute for any term.

The Court need only construe terms for which there is a _material_ dispute, and even then, only _to the extent necessary_ to resolve that dispute. _Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc._, 200 F.3d 795, 803 (Fed. Cir. 1999) ("It is routine case management to require litigants to identify the aspects of their case that are material to the dispute."). Axis' letter refers only generally to



Honorable Denise L. Cote
November 23, 2020
Page 2

"infringement" and "invalidity" without identifying any dispute. Dkt. 121 at 2. By withholding this information, Axis frustrates Signify's and the Court's ability to understand and resolve any material dispute. *GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1310 (Fed. Cir. 2014) ("parties in patent cases frequently stipulate to a construction or the court construes a term, only to have their dispute evolve to a point where they realize that a further construction is necessary").

For the seven terms that Axis (incorrectly) proposes to construe in a means-plus-function format, it is apparent why construction is required at this stage. For the remaining *18* terms that Axis proposes, however, it is not apparent, and Axis has identified no specific reason:

> '336 Patent - "electromagnetic radiation …"; "a mounting"; "resulting spectrum"; "first radiation …"; "second radiation …"
> '458 Patent - "substrate"; "linear array"; "planar array"; "diffuser"; "proximate to"; "redirecting …"; "concentrating …"
> '554 Patent - "first radiation"; "first spectrum"; "feed-forward driver"
> '902 Patent - "light source driver controller"
> '138 Patent - "duty cycle"
> '951 Patent - "modular"

Omitting the above terms leaves *11* terms across four patents, which 25 pages of briefing will accommodate. Axis already wasted Signify's time and expense by asking Signify to construe almost seventy terms only to unilaterally drop over half of them without ever identifying why they needed to be construed. Axis should not impose a wasteful burden on Signify and the Court by doubling the briefing without identifying the real dispute. Signify is also concerned that Axis will—again—unilaterally drop terms after Signify addresses all 29 terms in its opening brief.

Because Axis has not identified a material dispute for 18 terms above, claim construction briefing should be limited to the remaining 11 terms. Should the Court allow briefing on more terms, Signify respectfully requests that the Court (1) require Axis to identify the material dispute; and (2) set total briefing page limits based on two pages per term for opening and responsive briefs, up to 50 pages maximum, and one page per term for the reply, up to 25 pages maximum.

Respectfully submitted,

*/s/ C. Brandon Rash*

C. Brandon Rash
Counsel for Plaintiffs Signify North America
Corporation and Signify Holding B.V.

cc:     Counsel of record (*via ECF*)